IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bakha Yawuti El, a/k/a Brandon Christopher Myers, | ) ) ) | |
| Plaintiff, | ) ) ) ) | No. 2:16-cv-01152-DCN |
| v. | ) ) | **ORDER** |
| Matthew Wean, Diane Turner, and B. Wade, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Bakha Yawuti El ("plaintiff"), proceeding pro se, filed this action against three Charleston County Sheriff's Deputies ("defendants") alleging a variety of claims arising out of a traffic stop that occurred on November 29, 2015.[1] This matter is before the court on United States Magistrate Judge Bristow Marchant's report and recommendation ("R&R") recommending that the court grant in part defendants' motion to dismiss, ECF No. 37. Specifically, the R&R recommends the court find that plaintiff had properly alleged false arrest and excessive force, but that any other potential claims which plaintiff may have intended be dismissed. ECF No. 42. For the reasons set forth below, the court adopts in part and rejects in part the R&R, and grants defendants' motion to dismiss in full. Additionally, the court adopts those portions of the R&R that are not inconsistent with this order.

---

[1] Plaintiff originally included the "Ninth Judicial Circuit General Sessions Court, Charleston County" and Deputy Clerk of Court, Sarah Lippe, in his complaint. These two Defendants were dismissed by Order of the Court on January 2, 2017. ECF Nos. 30, 23.

1

## I. BACKGROUND

The R&R ably recites the relevant facts, and it is unnecessary to review the details of the factual record to this point. In short, on November 29, 2015, plaintiff was arrested and charged with the possession of a stolen vehicle, driving under suspension, failure to appear as required by a uniform traffic citation, use of license plate other than for vehicle which it was issued, possession of marijuana or hash, violation of open container laws, and unlawful use of license or fraudulent application of license. ECF No. 42 at 2. On April 13, 2016, plaintiff filed a complaint against defendants alleging a variety of claims under 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina, the matter was referred to United States Magistrate Judge Bristow Marchant for pretrial matters. On March 10, 2017, the Magistrate Judge issued a R&R recommending that plaintiff had properly alleged false arrest and excessive force, but that any other potential claims which plaintiff may have intended should be dismissed. ECF No. 42. On March 24, 2017, defendants filed objections to the R&R. ECF No. 44. Specifically, defendants object to the R&R's conclusion that plaintiff adequately pled allegations of false arrest and excessive force. Id. at 1. On June 20, 2017, plaintiff filed a document entitled "reply to defendants' objections" that seems to function as an objection to the R&R. ECF No. 54. In this objection, plaintiff objects to the R&R's conclusion that there was no false arrest, conspiracy, and excessive force claims.[2] Id. The matter is now ripe for the court's review.

---

[2] Plaintiff's objections misinterpret the R&R, as the R&R concluded that plaintiff <u>had</u> properly alleged a false arrest and excessive force claim.

## II. STANDARDS OF REVIEW

### A. R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

### B. Pro Se Plaintiff

Childress appears pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Haines v. Kerner, 404 U.S. 519, 521 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim, nor does it mean the court can assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### C. Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . .

does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id

### III. DISCUSSION

#### A. False Arrest

Defendants' first objection concerns the R&R's conclusion that plaintiff has alleged a plausible claim for false arrest. Specifically, defendants assert that it is impossible to accept that plaintiff properly alleged false arrest because the basis of his allegation is that his non-state-issued "Allodial American National Identification Card" was sufficient to give notice to defendants that he cannot be arrested. ECF No. 44. Defendants contend that plaintiff's refusal to recognize the law does not give him a valid

claim for false arrest, and therefore object to the R&R's recommendation that a plausible claim for false arrest can be derived from Plaintiff's complaint.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. Amend. IV. To demonstrate false arrest, a plaintiff must show that he was arrested without probable cause. See Brown v. Gilmore, 278 F.3d 362, 367–68 (4th Cir. 2002). Probable cause "to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

Plaintiff was arrested on November 29, 2015, and charged with a number of crimes including possession of a stolen vehicle and possession of marijuana. ECF No. 42 at 4. In the relevant part of his complaint, plaintiff alleges only that "Deputy Matthew Wean took part in and assaulted me during a false arrest, searched and seized my property against my will without due process." ECF No. 1-6 at 6–7. The R&R states that plaintiff has alleged he was unlawfully arrested and thus has stated a claim under the Fourth Amendment. ECF No. 42 at 2. However, at no point in his complaint does plaintiff provide any facts to explain what, exactly, defendants did to lead to his false arrest. In comparison, in Wirtz v. Oconee Cty. Sheriff's Dep't, 2013 WL 5372795, at *4 (D.S.C. Sept. 24, 2013) the court found that plaintiff had stated a plausible claim of false arrest where the plaintiff alleged that the defendant police officer falsely planted evidence and allowed a confidential informant to illegally plant evidence. Here, plaintiff does not even allege that defendants did not have probable cause to arrest him, let alone allege any

5

facts to support this assertion. For example, plaintiff does not allege that he was actually driving a vehicle registered in his name or that he was not, in fact, in possession of marijuana.

A bald assertion that defendants conducted a false arrest does not rise to the level of specificity required under the Iqbal/Twombly pleading standard. Because there are no facts alleged in the complaint to support a finding that plaintiff has stated a plausible claim for relief on his false arrest claim, the defendants' motion to dismiss the false arrest claim is granted.

**B.   Excessive Force**

Defendants' second objection is in regard to the R&R's conclusion that plaintiff plausibly alleged a claim of excessive force. The basis for this objection is defendants' assertion that plaintiff failed to allege facts that the defendants used more force than necessary. Additionally, Defendants argue that the claim for excessive force is founded on plaintiff's premise that the arrest itself was illegal.

An excessive force claim that "arises in the context of an arrest or investigatory stop of a free citizen . . . is most properly characterized as one invoking the protections of the Fourth Amendment," which guarantees the right to be free from unreasonable searches and seizures. Graham v. Connor, 490 U.S. 386, 394 (U.S. 1989). A claim of excessive force by police during an arrest is properly analyzed under the Fourth Amendment by a determination of whether the officer's conduct was "objectively reasonable." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (quoting Graham, 490 U.S. at 397). Plaintiff must allege enough facts relevant to the reasonableness of the officers' actions to "raise a right to relief above the speculative level." Twombly, 550

U.S. at 555.

Plaintiff alleges that Defendant Deputy Wade "assaulted him on a public roadway" during the course of his arrest. ECF No. 1-6, at 6–7. He has alleged no <u>facts</u> that would support a plausible claim of objectively unreasonable force. To compare, in <u>Wiggins v. Quesenberry</u>, 222 F. Supp. 3d 490, 500 (E.D. Va. 2016) the court found that plaintiff had pled a plausible excessive force claim where he pled that the defendant officer "yanked" plaintiff by the groin from his seated position in his vehicle and "forcibly ripped" his foot from the ground, leading to a mandibular fracture of the jaw and the loss of several teeth. Without any facts pled about what defendants <u>did</u> during the course of the arrest to constitute excessive force, the court must grant defendants' motion to dismiss on the excessive force claim.

### C.     Civil Conspiracy

Finally, defendants object to the R&R's possible reference to a potential civil conspiracy allegation. Defendants assert that any potential civil conspiracy allegation is founded on the false premise that the law does not apply to Plaintiff. A closer look at the R&R reveals that the R&R states that "Defendant Deputy Wade illegally <u>conspired</u> with Wean to deprive him of his constitutional rights by participating in the same false arrest and assault . . . ." ECF 42 at 2.

In reviewing the R&R, the court finds that any civil conspiracy allegation potentially alluded to was unintentional. The word "conspired" is mentioned only once in the R&R, and briefly. Additionally, the R&R states that "[l]iberally construed, Plaintiff has alleged claims against these Defendants for false arrest and excessive force under the Fourth Amendment." ECF No. 42 at 4. By not including a civil conspiracy allegation in

the summary of the claims, it is evident that the R&R did not intend to include civil conspiracy as a plausible or potential allegation.

### IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS IN PART AND REJECTS IN PART** the R&R, **GRANTING IN FULL** defendants' motion to dismiss, ECF No. 37.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 7, 2017**
**Charleston, South Carolina**